M'DONALD *vs.* CATLETT.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT FOR THE PARISH OF EAST FELICIANA, THE JUDGE OF THE EIGHTH PRESIDING.

The plaintiff claims a tract of land, which he says the defendant purchased as his agent, but took the conveyance to himself: *held*, in an action to re-convey, that the receipt of the plaintiff to the defendant for *part payment* of the price at which the latter purchased, is evidence of an intention to ratify the sale.

This is an action to compel the defendant to re-convey a tract of land, which the plaintiff alleges the former purchased for him at a sheriff's sale, by his directions and as his agent; and that he took the title in his own name, which he refuses to transfer. He prays that the defendant be required to re-convey and transfer the said land to him, and pay damages and costs.

The defendant admitted his agency to purchase the land in question, for the plaintiff, but that he was limited in the price; that not being able to buy within the limit, he bought on his own account, and that the plaintiff has since ratified the sale, and received part of the price.

On these pleadings and issues, the case was tried before the court and a jury.

The evidence showed that the present plaintiff was the party plaintiff in the order of seizure and sale under which the sheriff sold this land, and not being able to attend himself,

gave directions to the defendant, who was his son-in-law, to bid in the tract of land under seizure, for him. The defendant did so, at a fair price, and took the title to himself. The sale took place in June, 1835, and on the 14th of January following, the plaintiff gave a receipt to the defendant for five hundred and fifty-eight dollars, in part payment of the price of the land.

On the whole of the evidence, after an elaborate charge from the judge on the law of the case, the jury returned a verdict for the defendant. The plaintiff moved for a new trial, on the ground that improper evidence was permitted to go to the jury, and that the verdict was contrary to law and evidence. The new trial was refused; and from judgment confirming the verdict, the plaintiff appealed.

*T. L. Andrews,* for the plaintiff, urged, that although the defendant purchased, in his own name, the land belonged to his principal, who can compel him to transfer it. *Livermore on Agency,* vol. 1, pages 238, 442. 7 *Martin,* 243. 4 *Louisiana Reports,* 64. *Paley on Agency.*

2. An agent, to buy, cannot be the seller; and one, to sell, cannot buy. An agent, appointed to purchase in property at auction, and who accepts the trust, cannot buy the property for himself. 4 *Martin, N. S.,* 267. *Livermore on Agency,* vol. 1, page 416 *to* 430. See *Paley,* also.

3. Even if the principal refuses to ratify the sale and take the property, it does not belong to the agent. 6 *Martin, N. S.* 674. 7 *Louisiana Reports,* 87.

4. The receipt of the plaintiff, produced in evidence, cannot be received as evidence of a sale. This can only be where it is clearly the intention of the parties to make a sale, and where it appears from the whole transaction.

5. This receipt is not good to show a ratification of the sale, unless it appears the plaintiff was made acquainted with all the circumstances attending the transaction. The testimony shows the defendant abused his trust as agent, as he admits his agency, and has failed to show a limitation, to allow him to buy on his own account.

*Lawson*, for the defendant, contended, that the appellee purchased the property in contest, in his own name, and the sale to him is good. The receipt of the plaintiff, acknowledging part payment of the price, is full evidence of a ratification of the sale on his part, and that he acquiesced in the conduct of his agent. 6 *Martin*, 11.

2. The receipt of a vendor, acknowledging payment by his vendee, of the price of a lot of land, is good evidence of a sale. 3 *Martin*, *N. S.*, 337.

3. A private writing between the parties, as a receipt for a sum of money for the price of a slave, and a promise to warrant the title, is a sufficient bill of sale. 1 *Louisiana Reports*, 314.

*Martin, J.*, delivered the opinion of the court.

The plaintiff demands from the defendant the transfer of a tract of land, which, it is alleged, the latter purchased by the direction, and as the agent of the former, but took the conveyance in his own name.

The demand is resisted on an averment, that the defendant was limited to a smaller sum in the purchase of the land than two-thirds of the price at which it was appraised; that the defendant, being unable to purchase at the limited price, for the plaintiff, made the purchase for himself, and took the conveyance accordingly; and that afterwards, the plaintiff, well knowing this, ratified the sale, and received a part of the price from the defendant. There was a verdict and judgment for the defendant, and the plaintiff appealed, after an unsuccessful attempt to obtain a new trial.

A bill of exceptions was taken to the charge, in which it was alleged, that the judge misdirected the jury. The charge is a long and detailed one; our attention has not been drawn to any particular part of it, and it does not appear to us that the jury were misdirected.

The defendant failed to prove that he had been restricted by the plaintiff, as to the price at which the land was to be purchased; and his success depends on the proof of the ratification.

64

EASTERN DIST.
*February*, 1838.

M'DONALD
*vs.*
CATLETT.

This proof is presented to us in the plaintiff's receipt, which is in the following words:

"Rec'd. of John Catlett, five hundred and fifty-eight dollars, in part payment of a tract of land purchased by him at the suit of James M'Donald *vs.* Charles Black. January 14, 1836.

JAMES M'DONALD."

The plaintiff claims a tract of land, which he says the defendant purchased as his agent, but took the conveyance to himself: *Held*, in an action to re-convey, that the receipt of the plaintiff to the defendant, for *part payment* of the price at which the latter purchased, is evidence of an intention to ratify the sale.

Had the receipt been for the whole price, it would be clear that it would amount to a ratification of the purchase; for it could not be pretended, that after the plaintiff had received the consideration of the sale, he could demand the thing sold. The receipt being for a part of the price only, is, in our opinion, evidence of an intention to ratify the purchase. And a partial receipt differs only from the absolute one in this, that it leaves to the plaintiff his claim for the balance.

The plaintiff's counsel has further contended, that the defendant cannot avail himself of the alleged ratification, because he has failed to comply with an evident condition of it; *i. e.*, that he should pay the whole price. To this it has been correctly answered, that the plaintiff has never put the defendant *in mora;* and his conduct evidently shows, that it would have been in vain for the defendant to tender the price while the plaintiff insisted on having the land, which, he contended, had risen in value to three-fold of the price at which the defendant had bought it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.